J. F. EWING, Agent, Appellant, v. A. C. PHILLIPS *et al.*, Respondents.

**St. Louis Court of Appeals, March 19, 1889.**

**Practice, Appellate:** RE-TRIAL OF CAUSE. Where the testimony for the opposing parties, respectively, conflicted as to material particulars, and the court, sitting as a jury, found in favor of the defendants' theory of fact on the ground, apparently, that there was no preponderance on the side of the plaintiff, on whom lay the burden of proof, an appellate court cannot revise the finding and judgment; to do which would be, practically, to retry the cause upon the testimony.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

**AFFIRMED.**

*Mills & Flitcraft*, for the appellant.

While, in general, the finding of a trial judge, like the finding of a referee, may stand as the verdict of a jury, there are exceptions, as was stated by the court, in the case of *Smith v. Crews*, 2 Mo. App. 269. It is a well known rule of law that in transactions between merchants and bankers that a charge or claim, made in an invoice or letter mailed, is presumed to be acquiesced in, unless objected to by the next return of post, or within a reasonable time. The only suggestion of an objection is contained in the letter of December 31, 1885, which objection they admit not to have been well founded in their letter of February 22, 1886. *Kent v. Highleyman*, 17 Mo. App. 9 ; *Brown v. Kimmel*, 67 Mo. 430.

*Ellerbe & Hicks*, for the respondents.

So far as appellant is concerned, it was as competent for the court to cause to be entered a judgment against respondents in the manner here pursued, as it would have been to enter a judgment against respondents in the first instance. Appellant is in no other or different position than would have been his, had the original finding been in his favor for $9.94. The evidence of plaintiff showed there was an express contract ; upon its terms, as stated by plaintiff, depended his right to recover. Obviously the burden was upon him to establish such terms. In this the trial court, sitting as a jury, found he had failed. Plaintiff relied upon an express contract, he could not recover as upon an implied contract, nor did he make any attempt so to do. This court has uniformly declined to disturb the verdict of a jury, or a trial judge sitting as a jury, upon the ground that the verdict was against the evidence or the weight of the evidence, especially where there was evidence *pro* and *con*.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to recover a balance alleged to be due by account for certain salt sold and delivered. On trial anew in the circuit court, before the judge sitting as a jury, there was a finding and judgment for the defendants. The court, however, on consideration of a motion for new trial announced its determination to grant a new trial unless the defendants should consent that the plaintiff might take judgment against them in the sum of $9.94. To this the defendants consented and judgment was entered against them for this sum. The plaintiff appeals and assigns the following errors :

(1) That the court erred in excluding copies of letters from plaintiff to defendants as well as the freight bills showing the amount of freight paid by the defendants. It appears that these letters and bills after having been excluded were again offered by the plaintiff and admitted.

(2) That the court erred in excluding the testimony of plaintiff as to what the universal custom was in shipping salt in regard to payment of freight. We do not see the materiality of this testimony. We understand that there was no dispute that the defendants, by the terms of the contract, were to pay the freight, and in point of fact they did pay it.

The only other assignment of error which has been argued to us is that the judgment is against the evidence. Upon this point it is sufficient to say that the burden of proof was upon the plaintiff ; that the defendant Baker gave a deposition which, if true, showed that the whole amount agreed to be paid for the salt had been paid and that nothing was due from the defendants to the plaintiff. In the original judgment rendered by the court, which was for the defendants, the court probably determined to give credit to the testimony of

the defendant Baker rather than to the testimony of the plaintiff, upon the theory that the burden of proof was upon the plaintiff and that his evidence must preponderate, which was the correct theory. But the court in so rendering judgment appears to have overlooked a letter from the defendants to the plaintiff dated May 26, 1886, giving their version of the transaction and enclosing a statement of the account according to their version and conceding, what the deposition of Mr. Baker did not concede, that as to some of the salt the plaintiff was entitled to an advance of two cents on the barrel beyond what had been paid for that which had been shipped before,—and figuring out an indebtedness of the defendants to the plaintiff in the sum of $9.94. The court, therefore, concluded that justice would be done by requiring the defendants to pay the amount which they had thus admitted to be due and announced its determination to grant a new trial unless the defendants would consent to a judgment in this amount, which they did.

It is plain from this statement that there is nothing for this court to review. The plaintiff had his version of the contract and the defendants had theirs ; each party has supported its version with substantial evidence ; and the court has not found in favor of the party sustaining the burden of proof in as large a sum as that party demands, probably because the court did not regard the testimony adduced by that party as preponderating over the testimony adduced by the other party. We cannot retry this case, as we are asked to do, without departing entirely from the principles which restrain appellate courts in dealing with the facts in cases at law, and making ourselves in such cases a mere jury.

The judgment is accordingly affirmed. All the judges concur.